# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-00434-FMC-RCx | Date | November 7, 2008 |
|---|---|---|---|
| Title | Suzanne Crews et al v. Mentor Corporation | | |

| Present: The Honorable | FLORENCE-MARIE COOPER |
|---|---|

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER GRANTING MOTION TO STAY    (In Chambers)

This matter is before the Court on Defendant Mentor Corporation's unopposed Motion to Stay Pending a Ruling on Transfer by the Judicial Panel on Multidistrict Litigation [docket no. 38], filed on October 13, 2008. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearing set for November 17, 2008, is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court hereby GRANTS the Motion.

This is a product liability action, arising out of injuries allegedly caused by a medical device manufactured by Defendant. On October 7, 2008, Defendant filed with this Court a Notice of Filing of Motion for Transfer with the Judicial Panel on Multidistrict Litigation ("MDL Panel"). With the instant Motion, Defendant avers that MDL is likely to accept the transfer of this case and 21 other cases involving the same medical device that are pending in 12 district courts across the country.

"When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D.Cal. 1997).

Here, although the requested stay will temporarily or, potentially, permanently prevent this Court from ruling on Plaintiff's pending Motion to Amend Complaint and will halt all other pre-trial proceedings in this case, the potential prejudice this poses to Plaintiff is slight, and it is offset by the potential for prejudice to Defendant if the requested stay is denied. It is likely that any discovery or motion practice conducted in this action would have to be repeated if the transfer to MDL is granted. Moreover, the requested stay is appropriate because it will preserve the judicial resources of this Court and, if the transfer request is granted, those of the transferee court.

Therefore, Defendant's Motion to Stay [docket no. 38] is GRANTED. Proceedings in this case are STAYED until issuance of a final decision by the MDL Panel regarding transfer or for sixty (60) days, whichever is earlier. Accordingly, the MOTION to Amend Complaint filed by Plaintiff [32] is removed from the Court's calendar.

|  | : | N/A |
|---|---|---|
|  | Initials of Preparer | AM |